GROVE, APPELLANT, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 87AP-1233 — Decided September 13, 1988.)

*Joseph F. Castner,* for appellant William T. Grove.

*Ronald J. O'Brien,* city attorney, and *Guy L. Reece III,* for appellee.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Plaintiff alleged in his complaint that defendant discriminated against him when he returned to work from disability leave, and that such discrimination violated R.C. 4123.90. The trial court found that there was no cause to support a claim for punitive action. Thus, the court dismissed the cause on the merits and entered judgment for defendant.

Plaintiff was employed by defendant as a chauffeur at Port Columbus International Airport since April 1974. During the time of his employment, he filed numerous applications for workers' compensation benefits resulting from injuries which he incurred on the job. Plaintiff filed and received benefits for his injury which occurred on or about July 20, 1983. He was off work as a consequence of this injury until May 31, 1985. Plaintiff was certified by his treating physician as being capable of returning to work on June 1, 1985.

During the time plaintiff was off work because of his injury, the work shifts assigned to all chauffeurs were

realigned and rebid on at least three occasions. During the first and second rebids, plaintiff was contacted and submitted a shift bid. Plaintiff was first in seniority and thereby received his bid. Plaintiff was no longer solicited when shift bids occurred after his absence exceeded one year.

Moreover, defendant adopted a policy of allowing employees not wanting to work overtime to execute a waiver. Plaintiff executed such a waiver before his July 1983 injury, and had not revoked it at the time of this action.

Plaintiff has appealed, including two assignments of error:

"I. The trial court erred in not finding by the preponderance of the evidence that the defendant-appellee discriminated against the plaintiff-appellant.

"II. The trial court erred in not finding by the preponderance of the evidence that the defendant-appellee discriminated against the plaintiff-appellant because he pursued his rights under the Workmen's Compensation Act."

The assignments of error are interrelated and considered together. The issue is whether plaintiff's filing a claim for workers' compensation benefits was the determining factor in making the change to another work shift. The record indicates that such action was taken because plaintiff was off work for over a year, and not because he filed a workers' compensation claim.

The transcript does not disclose any connection between the workers' compensation claim and defendant's action. Plaintiff's compensation was not reduced. Nonetheless, he contends that he should have been allowed to return to work after a twenty-two-month absence and promptly move to the shift that had been occupied by other employees. Such a move would have resulted in a significant change for other chauffeurs since plaintiff had seniority. Hence, he was reasonably placed on the open shift because of his absence.

Although plaintiff testified alleging discrimination in his work shift assignment, he also indicated that the shift he wanted would benefit the operation of his own business. At any rate, defendant protected plaintiff's job, as there was no replacement hired for almost two years. It was not unreasonable for defendant, upon plaintiff's return, to decline to reshuffle seventeen or eighteen other workers as an accommodation to plaintiff's bid. Defendant's actions were not because of plaintiff's workers' compensation claim, but were based on the length of his absence and the effect it would have on the entire work force. The filing of the workers' compensation claim was irrelevant.

The trial court found that defendant acted reasonably concerning plaintiff's employment status. Further, the court found that there was no evidence to support a claim for punitive action. The record supports the trial court's determination. Hence, the trial court properly found that plaintiff was treated in a nondiscriminatory manner within R.C. 4123.90.

Plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.